902 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alberta R. LEE, Plaintiff-Appellee,
v.
INDEPENDENT FIRE INSURANCE COMPANY OF JACKSONVILLE, FLORIDA,
Defendant-Appellant.
 No. 88-1015.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 12, 1989.
Decided April 17, 1990.
Rehearing and Rehearing En Banc Denied May 14, 1990.
As Amended May 21, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-86-1382-3-0)
 Richard M. Kennedy, Jr., Kennedy, Price & Dial, Columbia, S.C., argued, for appellant.
 Garry L. Wooten, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Independent Fire Insurance Company of Jacksonville, Florida (Independent) here complains of the refusal of the district court to set aside the verdict of the jury and grant it a new trial for alleged insufficiency of credible evidence to support the verdict and error in the admission of evidence. Finding no reversible error in the rulings of the district court, we affirm.
 
 
 2
 Independent issued a fire insurance policy to Alberta R. Lee covering her dwelling in the amount of $122,800, together with coverage of $61,400 on contents and $36,840 for additional living expenses. In the early morning hours of September 29, 1985, the premises and contents were totally destroyed by fire. A claim for the loss was duly filed. When the benefits were not paid, insured instituted this action. Independent answered and denied any breach of contract and alleged as an affirmative defense arson and fraudulent misrepresentation in the proof of loss filed by the insured. Tried to the jury, it returned a verdict awarding insured $120,500 for loss of the dwelling, $25,000 for loss of contents, and $5,000 for additional living expenses. Each of said sums was within the coverage of the policy and less than the sums claimed by the insured. The court denied Independent's motion to set aside the verdict and entered judgment thereon.
 
 
 3
 The amount of the loss suffered by the insured, as well as the conflicts in evidence, was presented to the jury. While there was expert testimony that the fire was of incendiary origin, insured testified that she was in Mississippi at the time of the fire, and there was no evidence before the court to show insured was in any way connected with the fire. Independent presented evidence that the insured had borrowed monies, that she owed certain debts, as well as suggesting she fraudulently exaggerated the amounts of her claim. These and other issues were submitted to and decided by the jury. A review of the record establishes there was sufficient evidence to support the jury's findings.
 
 
 4
 Here, we have the verdict of a jury upheld by the trial court. If giving the verdict holder the "benefit of every legitimate inference in her [his] favor, there was evidence upon which the jury could reasonably return a verdict for her [him]" we must uphold the verdict. Mays v. Pioneer Lumber Co., 502 F.2d 106, 107 (4th Cir.1974). In determining the sufficiency of the evidence, the court is not free to weigh the evidence or to pass on the credibility of the witnesses or to substitute its judgment of the facts for that of the jury. Whalen v. Roanoke County Bd. of Supervisors, 769 F.2d 221, 224 (4th Cir.1985).
 
 
 5
 The court need not deal at length with the contended evidence of insured's alleged failure, as representative of her husband, to pay his debts. The court's ruling was within its discretion.
 
 The judgment is therefore
 AFFIRMED